UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAWRENCE R.,

                                                                                                                        <u>DECISION AND ORDER</u>

                                 Plaintiff,

                                                                                                                         21-CV-0385L

                      v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                                 Defendant.
_____


       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On June 18, 2018, plaintiff filed an application for supplemental security income, alleging an inability to work since July 15, 2017. (Dkt. #6 at 15). His application was initially denied. Plaintiff requested a hearing, which was held on May 20, 2020 via teleconference before administrative law judge ("ALJ") Michael McKenna. The ALJ issued a decision on June 3, 2020, finding plaintiff not disabled. (Dkt. #6 at 62-73). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 1, 2021. (Dkt. #6 at 1-4). Plaintiff now appeals.

       The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #7), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #9). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I. The ALJ's Decision

Plaintiff was born May 2, 1984, and was 33 years old on the alleged onset date, with a high school education and no past relevant work. (Dkt. #6 at 72). His medical records reflect diagnoses and/or treatment for the following impairments, which the ALJ found to be severe impairments not meeting or equaling a listed impairment: endocarditis (inflammation in the heart), degenerative disc disease of the lumbar spine, Dercum's disease (a skin condition the involves the growth of fatty lipomas), seizure disorder, anxiety disorder, depressive disorder, and post-traumatic stress disorder. (Dkt. #6 at 64).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has no limitation in understanding, remembering, or applying information, a mild limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and no limitation in adapting or managing himself. (Dkt. #6 at 67). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform medium work, except that he can never climb

ladders, ropes, or scaffolds, and must avoid hazards such as heights and moving machinery. Plaintiff can perform simple, routine tasks in a setting with no fast-paced production or assembly line-type work. (Dkt. #6 at 68).

When presented with this RFC as a hypothetical at the hearing, vocational expert Elizabeth C. Laflamme testified that such an individual could perform the representative medium exertion positions of hand packager, sandwich maker, and store laborer. (Dkt. #6 at 73). The ALJ accordingly found plaintiff not disabled.

**II.     The ALJ's Assessment of Medical Opinion Evidence**

Plaintiff argues that the ALJ failed to properly weigh the medical opinions of record, resulting in an RFC finding unsupported by substantial evidence.

Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds each of the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022). "Although an ALJ may afford various weights to

3

portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Commissioner*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022).

### A.     Dr. Ippolito

Initially, plaintiff argues that the ALJ erred in finding the opinion of consulting psychologist Dr. Janine Ippolito to be "persuasive," but declining to adopt that opinion *in toto*. Dr. Ippolito examined plaintiff on September 20, 2018. Objective findings were overwhelmingly normal, including cooperative and socially-appropriate presentation, fair grooming, fluent speech, clear and goal-directed thought, appropriate affect, happy mood, intact attention and concentration, intact memory, average cognitive functioning, and fair insight. (Dkt. #6 at 692). Plaintiff's judgment was rated as "poor," presumably due to his self-reported history of drug and alcohol abuse in remission, as there were otherwise no objective findings to indicate judgment problems. (Dkt. #6 at 691, 693).

Dr. Ippolito opined that plaintiff could understand and apply simple or complex directions, maintain attention and concentration, and avoid hazards. She assessed mild limitations in personal hygiene and appropriate attire, moderate limitations in sustaining an ordinary routine and attendance, and indicated that due to substance abuse and emotional distress, plaintiff had marked limitations with respect to regulating emotions, controlling behavior, and maintaining well-being. (Dkt. #6 at 693-94).

The ALJ found Dr. Ippolito's opinion persuasive, and adopted the mild and moderate limitations she opined. However, with respect to the marked limitations assessed for self-reported substance abuse and emotional distress, the ALJ reasoned that, "Dr. Ippil[i]to's objective

observations do not support these limitations, so I conclude she has made those findings based on the claimant's self-reports, which the undersigned finds unreliable." (Dkt. #6 at 71).

I find that the ALJ's reasoning was sufficiently set forth, and supported by the record. Dr. Ippolito's objective findings were indeed unremarkable, and the record does not otherwise contain evidence indicative of marked limitations with respect to plaintiff's responsibility over his emotions, behavior, and well-being, notwithstanding a history of drug and/or alcohol abuse, in remission at the time he was examined by Dr. Ippolito. The ALJ's rejection of part of the opinion sufficiently considered and discussed the supportability and consistency of the opinion with other evidence. I find no reason to disturb it.

**B.     Dr. Lee**

Plaintiff also argues that the ALJ erred in finding the medical opinion of consulting internist Dr. Russell Lee to be "unpersuasive."

Dr. Lee examined plaintiff on September 25, 2018, and noted normal objective findings, including normal gait, ability to walk on heels and toes without difficulty, normal stance, negative straight leg raising tests, full squat, full range of motion in the cervical and lumbar spine, hips, knees, and ankles, full strength in all extremities, hands, and fingers, and normal reflexes and sensation. (Dkt. #6 at 700-704). Nonetheless, Dr. Lee noted a self-reported history of bilateral knee pain, and opined "moderate" limitations for activities involving climbing of stairs or ladders, or prolonged standing, and cautioned that plaintiff should avoid operating heavy machinery, driving, and unprotected heights. (Dkt. #6 at 704).

The ALJ found Dr. Lee's report "unpersuasive," to the extent that it specified several physical limitations, even though all pertinent objective physical findings had been normal. The ALJ observed that Dr. Lee's unremarkable findings were consistent with other objective

5

assessments in the record that had noted normal gait and stance. (Dkt. #6 at 71). Plaintiff, however, argues that that ALJ "cherry-picked" the record and overlooked other treatment records that reflected gait difficulties, including records of a left foot metatarsal osteotomy (toe realignment) and arthroplasty on May 24, 2019, with discussion of a later surgery to be performed on the right foot, and subsequent complaints of low back pain with leg weakness and balance difficulties. (Dkt. #6 at 855-86, 859-61, 927-33, 1030-35).

      Even had the ALJ credited such evidence and found that plaintiff eventually developed gait or balance issues, the relevant records were insufficient to establish that those symptoms satisfied the 12-month durational requirement for disability. Initially, the record suggests that plaintiff's left foot surgery improved his symptoms: post-operative treatment notes indicate that plaintiff's foot was healing normally, and that he was cleared to resume normal activities within a few weeks of the May 24, 2019 procedure. (Dkt. #6 at 857). Although plaintiff presented a few weeks later on July 26, 2019, complaining of pain and balance issues in both legs, the onset of those symptoms was reported to have been "1 day(s) ago." (Dkt. #6 at 930).

      Even assuming *arguendo* that the ALJ erred in his assessment of Dr. Lee's opinion, any such error is harmless. The RFC determined by the ALJ fully accounts the limitations in climbing stairs or ladders, as well as workplace hazards, that Dr. Lee specified. With respect to the moderate limitation in "prolonged standing" Dr. Lee indicated, courts in this district are admittedly divided as to whether severe limitations in prolonged walking are consistent with the performance of medium work. *See Fahima H. v. Commissioner*, 2021 U.S. Dist. LEXIS 154099 at *9-*10 (W.D.N.Y. 2021) (collecting cases). However, given the dearth of evidence that plaintiff's ambulation was ever severely limited during the relevant period (except for a brief few weeks as

he recovered from toe surgery in and after May 2019), let alone that it was impacted for period of sufficient length to satisfy the durational requirement, I find that remand is not warranted.

### C.  Dr. Karimi and Dr. Abassi

Finally, plaintiff challenges the ALJ's consideration of the medical opinions of treating internist Dr. Mumtaz Karimi, and treating psychiatrist Dr. Israr Abassi, both of which were rendered for use by the New York State Office of Temporary and Disability Assistance in processing a state-level application for disability benefits. On November 20, 2019, Dr. Karimi completed an RFC determination based on at a 2-year treatment history, in which she stated that due to diagnoses that included chronic hepatitis, seizure disorder, leg pain, foot disorder, and knee pain, plaintiff was "moderately" limited in lifting/carrying, pushing/pulling/bending, and climbing. (Dkt. #6 at 907-908). On November 20, 2019, based on an intermittent 15-month treatment history with his group, Dr. Abassi opined that due to panic disorder, major depressive disorder, anxiety, and opioid use, plaintiff was moderately limited in understanding, remembering, and carrying out instructions, maintaining socially appropriate behavior, and functioning at a consistent pace.[1] (Dkt. #6 at 1057-58).

The ALJ rejected both opinions, finding them unpersuasive because, among other things, they were rendered on cursory "check-the-box" forms which were unsupported by evidence of record. (Dkt. #6 at 71-72).

I find no fault in the ALJ's determination. Dr. Karimi's treatment notes contradict her opinion, reporting that plaintiff felt "well with no complaints," had normal musculoskeletal findings with no tenderness or pain, was "compliant" with treatment, and had been highly

---

[1] While Dr. Abassi further opined that plaintiff was "unable to work at this time," the ALJ committed no error in declining to adopt that conclusion: opinions on the ultimate issue of disability are reserved for the Commissioner. (Dkt. #6 at 1057-58).

successful in his efforts to overcome drug and alcohol addiction. (Dkt. #6 at 619-20, 624-25). Similarly, Dr. Abassi's treatment sessions with plaintiff reflected grossly normal objective findings, with no observed physical or musculoskeletal problems, logical thought processes, fair judgment and insight, intact memory, fair attention and fund of knowledge, etc., and no medication changes or noncompliance with prescribed medications. (Dkt. #6 at 1155-56, 1160-61, 1168-69, 1171-72, 1187-88, 1194-95, 1207-1208). Given that there were no narrative descriptions to explain or support the conclusions reached by Dr. Karimi and Dr. Abassi, and in light of their inconsistency with plaintiff's treatment records, the ALJ did not err in finding those opinions unpersuasive.

Ultimately, plaintiff has the burden to show that the RFC determined by the ALJ failed to account sufficiently for his physical and mental limitations. *See Jessica W. v. Commissioner*, 2022 U.S. Dist. LEXIS 20670 at *11 (W.D.N.Y. 2022) ("the burden to provide evidence to establish the RFC lies with Plaintiff")(citing *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009)(the burden is on plaintiff to show that she cannot perform the RFC determined by the ALJ)). I find that he has not satisfied it, and that the ALJ's decision was supported by substantial evidence, including plaintiff's treatment notes and the persuasive medical opinions of record, and was not the product of legal error.

I have considered the rest of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #7) is denied, and the

Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

    IT IS SO ORDERED.

                                              /s/ David G. Larimer
                                         DAVID G. LARIMER
                                        United States District Judge

Dated:  Rochester, New York
        April 14, 2023.